IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NORMA MARQUEZ,

        Plaintiff,

  v.

BROOKDALE SENIOR LIVING,

        Defendants.

No. 13-cv-05320-RS

**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING SANCTIONS**

## I. INTRODUCTION

Plaintiff Norma Marquez brings this action against defendant Brookdale Senior Living ("Brookdale") alleging employment discrimination based on her sexual orientation, disability, and medical condition. She also alleges Brookdale retaliated against her by wrongfully terminating her. Brookdale moves to compel arbitration, invoking an agreement to arbitrate that Marquez signed as a condition of her employment. Brookdale also seeks sanctions against Marquez and her counsel, alleging they filed a frivolous lawsuit and acted in bad faith. Marquez opposes the motion, contending the agreement is unenforceable. For the following reasons Brookdale's motion to compel arbitration will be granted and this action will be stayed pending arbitration. Brookdale's request for sanctions will be denied.

## II.  BACKGROUND

Brookdale hired Marquez as a caregiver in May of 2011.  Marquez was required to sign Brookdale's Employment Arbitration Agreement (the "agreement") as a condition of her employment.  The agreement states that Brookdale and Marquez agree to arbitrate any disputes arising between the parties during the course of her employment with Brookdale.  In early 2013, Brookdale informed Marquez that they had received a "hotline" tip that she was engaging in inappropriate workplace behavior with a female subordinate.  Based on this conversation and the fact that she reportedly injured her back while taking care of a patient, Marquez contends she was terminated two months later for "false reasons."  Marquez subsequently filed a complaint in Superior Court alleging Brookdale discriminatorily terminated her because of her back injury, resulting medical condition, and sexual orientation.  Brookdale filed a response, denying Marquez's claims and questioning the extent and manner of her injuries.  Brookdale also asserted a number of affirmative defenses, including its right to arbitrate Marquez's claims.  Brookdale removed the action to this court, invoking diversity jurisdiction under 28 U.S.C. § 1441.  Brookdale seeks to enforce its right to arbitrate Marquez's claim in this motion to compel arbitration.

## III. DISCUSSION

### A.  Enforceability of the Agreement

To resolve whether a dispute is subject to arbitration, the court first determines whether the parties agreed to arbitrate and, if they did, whether the agreement covers the dispute at issue. *Chiron Corp v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 1996).  "[A]n agreement to arbitrate is a matter of contract: 'it is a way to resolve those disputes — but only those disputes — that the parties have agreed to submit to arbitration.'" *Id*. (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)).  Brookdales' records show that Marquez signed the agreement. (Declaration of Nananne Eichermueller ¶ 3, Ex. A).  Marquez does not dispute this fact.  This provides a sufficient basis to conclude that the parties entered into a valid agreement to arbitrate.

The parties do not contest the agreement covers the dispute at issue.  The agreement specifies, "[a]ny controversy or claim arising out of or relating to your employment relationship with

us or the termination of that relationship, must be submitted for final and binding resolution by a private and impartial arbitrator." As such, the agreement covers Marquez's claims.

Pursuant to Civil Local Rule 7-3(a) Marquez was required to file an opposition to Brookdale's motion to compel arbitration. Marquez failed to do so, instead petitioning the court to accept her untimely opposition. Brookdale argues that this failure should result in granting the motion to compel arbitration, dismissing the case, and awarding it attorney fees. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12. Although Brookdale is correct that failure to file a timely opposition could result in the court granting the motion on this basis alone, in the interests of resolving the motion on the merits, the parties' claims are addressed as follows.

        a.   Waiver of Right to Arbitration

Marquez argues Brookdale waived its right to enforce the agreement by delaying filing a motion to compel arbitration. Brookdale contends that no such waiver occurred. There are six factors a court takes into consideration when determining whether a party has relinquished its right to arbitrate: (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether litigation preparation has substantially begun; (3) whether a party requested arbitration enforcement close to trial or delayed for a significant period of time before seeking enforcement; (4) whether the party filed a counterclaim without seeking a stay of the proceedings; (5) whether "important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place;" and (6) whether the delay "affected, misled, or prejudiced" the opposing party. *St. Agnes Medical Center v. PacifiCare of California*, 31 Cal. 4th 1187, 1196 (2003). "The moving party's mere participation in litigation is not enough; the party who seeks to establish waiver must show that some prejudice has resulted from the other party's delay in seeking arbitration." *Davis v. Continental Airlines, Inc.*, 59 Cal. App. 4th 205, 212 (1997).

In support of its motion, Brookdale attaches e-mails and letters that it sent to Marquez requesting to arbitrate her claims. These support Brookdale's contention that it has acted consistently in its attempts to enforce its right to arbitrate under the agreement. While Marquez claims she was generally prejudiced by the five months Brookdale waited to file this motion, she

fails to specify how this prejudice has caused her harm.  She does not allege that she has engaged in substantial litigation preparation, provided discovery, or otherwise revealed her litigation strategy.

The cases Marquez cites in support of her contention that a timing delay is sufficient in itself to create prejudice are distinguishable.[1]  Many of the motions arose when plaintiffs moved to compel arbitration.  That scenario is distinctly different from this case because Brookdale is responding to Marquez's lawsuit, not filing a lawsuit against Marquez and then attempting to pursue arbitration after a lengthy delay and the pursuit of discovery.  Marquez fails to establish that she suffered prejudice sufficient to warrant a finding that Brookdale waived its right to arbitrate.

### B.  Unconscionability of the Agreement

As an employment arbitration policy, the agreement is subject to the Federal Arbitration Act ("FAA").  *Circuit City Stores v. Adams*, 532 U.S. 105 (2001).  Federal policy encourages arbitration, prohibiting state courts from treating arbitration agreements differently than any other contractual agreement.  *AT&T Mobility v. Concepcion*, 131 S. Ct. 1740, 1747 (2011); *Gilmer v. Inter-state/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991).  Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012).  As a result, courts cannot nullify arbitration agreements based either on state law that applies only to arbitration agreements or a general public policy against arbitration.  *Concepcion*, 131 S. Ct. at 1747.  The court must apply a contractual defense, like unconscionability, in the same way it would to any contract dispute.  *Id.* at 1748.

---

[1] *See Guess?, Inc. v. Superior Court*, 79 Cal. App. 4th 553 (2000) (denying defendant's motion to compel arbitration because defendant answered plaintiff's complaint but did not allege a right to arbitrate as an affirmative defense, instead participating in the discovery process for three months before filing a motion to compel arbitration); *Kancko Ford Design v. Citipark, Inc.*, 202 Cal. App. 3d 1220 (1988)(upholding a denial of plaintiff's motion to compel arbitration because plaintiff did nothing to notify defendant that it intended to pursue arbitration); *Augusta v. Keehn & Associates*, 193 Cal. App. 4th 331, 338 (2011)(holding that plaintiff waived his right to arbitrate by delaying arbitration for six months while continuing to obtain discovery from defendant); *Adolph v. Costal Auto Sales, Inc.*, 184 Cal. App. 4th 1443, 1446 (2010) ("[a] defendant may not use court proceedings for its own purposes, while remaining uncooperative with a plaintiff's court proceedings, and then, upon failing to achieve defendant's own objectives in court, and at the time when the parties should be engaged in final trial preparation, demand arbitration for the first time."); *Lewis v. Fletcher Jones Motor Cars, Inc.,* 205 Cal. App. 4th 436, 442 (2012) (holding defendant waived the right to compel arbitration by seeking multiple merits rulings from the court ).

Accordingly, review of the agreement must be in the context of the FAA's mandate to encourage arbitration coupled with consideration of Marquez's unconscionability claim under California contract law. *Id.* at 1745; *Ackerberg v. Citicorp USA, Inc.*, 898 F. Supp. 2d 1172, 1175 (N.D. Cal. 2012).

Under California law, a contractual clause is unenforceable only if it is both procedurally and substantively unconscionable. *See Armendariz v. Found Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006). "The more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz*, 24 Cal. 4th at 114. Still, "both [must] be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Id.*

### a. Procedural Unconscionability

Procedural unconscionability arises from circumstances surrounding the formation and negotiation of a contract. *Armendariz*, 24 Cal. 4th at 113. It focuses on two elements: oppression and surprise. *Id.* "Oppression" occurs where one party has little or no ability to negotiate the terms of the contract, resulting in an unequal bargaining position and lack of meaningful choice. *Id.* "Surprise" looks to the extent to which the terms of the contract were hidden by the party in the stronger bargaining position. *Id.*

Marquez argues that Brookdale's "take it or leave it" imposition of the agreement as a condition of employment makes the agreement oppressive, while Brookdale contends that such employment conditions are not *per se* unconscionable. "Take it or leave it" agreements are "standardized contract[s], which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Id.* (quoting *Neal v. State Farm Ins. Cos.*, 188 Cal. App. 2d 690 (1961)). Here, Marquez had no bargaining power, a fact which weighs in favor of finding the contract procedurally unconscionable.

### b. Substantive Unconscionability

An arbitration provision is substantively unconscionable if it is "overly harsh" or generates "one-sided results," typically looking to "whether contractual provisions reallocate risks in an

objectively unreasonable or unexpected manner." *Serpa*, 215 Cal. App. 4th at 703, as modified (Apr. 19, 2013) (quoting *Armendariz*, 24 Cal. 4th at 114). "[T]he paramount consideration in assessing conscionability is mutuality." *Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638, 657 (2004). California law requires an arbitration agreement to have a "modicum of bilaterality"– focusing on whether a provision is so one-sided as to shock the conscience. *Armendariz*, 24 Cal. 4th at 117; *see also Nyulassy v. Lockheed Martin Corp.,* 120 Cal. App. 4th 1267, 1281 (2004). Marquez argues several provisions of the agreement are substantively unconscionable.

### *i. Injunctive Relief Provision*

Marquez argues that the agreement is one-sided, and thus substantively unconscionable, because although it allows both parties to obtain injunctive relief from the courts, as a practical matter, only Brookdale will take advantage of this clause. The relevant provision provides that both parties may obtain injunctive relief from the courts and includes, but is not limited to, claims of unfair competition and disclosure of trade secrets claims. Brookdale argues the injunctive relief provision applies equally to both parties.

Although there are numerous potential injunctive relief claims that Marquez could bring under the FEHA and Title VII, the Court of Appeal has held that injunctive relief clauses typically present a high degree of substantive unconscionability. *See Trivedi v. Curexo Technology Corporation*, 189 Cal. App. 4th 387 (2010); *Fitz v. NCR Corp.* 118 Cal. App. 4th 702 (2004); *Mercuro v. Superior Court*, 96 Cal. App. 4th 167 (2002). Injunctive relief clauses, which may appear bilateral on their face, have the practical effect of being invoked only, or far more often, by the employer.[2] *Trivedi*, 189 Cal. App. 4th at 387. Accordingly, this injunctive relief provision weighs in favor of a finding of substantive unconscionability.

---

[2] In two recent cases the California Court of Appeal declined to follow *Trivedi*'s reasoning. *See Baltazar v. Forever 21, Inc.*, 150 Cal. Rptr. 3d 845, 858 (Cal. Ct. App. 2012), *review granted and opinion superseded sub nom. Baltazar v. Forever 21*, 296 P.3d 974 (Cal. 2013); *Leos v. Darden Restaurants, Inc.*, 158 Cal. Rptr. 3d 384, 400 (Ct. App. 2013) *review granted and opinion superseded sub nom. Leos v. Darden Restaurants*, 307 P.3d 878 (Cal. 2013). The California Supreme Court has granted review of both *Baltazar* and *Leos*, effectively stripping each case of its precedential value. Unless and until California courts establish otherwise, *Trivedi* remains good law.

6

*ii. Costs of Arbitration*

To be substantively unconscionable, a fee provision must be one-sided such that it reallocates funds in an objectively unfair manner. *Serpa*, 215 Cal. App. 4th at 703; *Armendariz*, 24 Cal. 4th at 111. Additionally, "when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court." *Armendariz*, 24 Cal. 4th at 110–11; *see e.g., Howard v. Octagon*, 2013 U.S. Dist. LEXIS 131366 (N.D. Cal. Sept. 12, 2013)( an arbitration agreement provision that requires the losing party to pay the legal fees associated with arbitration is substantively unconscionable); *Lou v. MA Labs Inc.* 2013 U.S. Dist. LEXIS 70665 (N.D. Cal. May 17, 2013)(holding a fee shifting provision that could be applied by discretion of the arbitrator substantially unconscionable).

Marquez contests the enforceability the agreements' fee provision, which could potentially force her to bear fully the costs of arbitration. The agreement states:

> The parties agree that the costs of the AAA administrative fees and the arbitrator's fees and expenses will be paid for us initially, but as provided by statute or decision of the arbitrator. In other words, all costs could after all is complete be paid by us or you, depending on the outcome. All other costs and expenses associated with the arbitration, including, without limitation, the party's respective attorneys' fees, shall be borne by the party incurring the expense, unless provided otherwise by statute or decision of the arbitrator.

The provision indicates that Brookdale will bear all initial costs of arbitration but if Marquez is unsuccessful in her claims or a statute otherwise provides for it, the costs may be shifted to her. The risk that she may have to bear excessive costs is sufficient to support a finding that the fee provision is also substantively unconscionable.

C. Attorney Fees

Brookdale petitions for attorney fees in the amount of $3,975 under Fed. R. Civ. P 11. Brookdale contends that Marquez and her attorney should be sanctioned for filing a frivolous complaint and acting in bad faith. Rule 11 allows a court to impose sanctions where an attorney files a lawsuit for an improper purpose or where the lawsuit is frivolous. *Townsend v. Holman*

*Consulting Corp.*, 929 F.2d 1358, 1362.  "The issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." *Schutts v. Bently Nevada Corp.*, 966 F. Supp. 1549, 1562 (D.Nev 1997).  A court may also impose sanctions where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. Nasco, Inc.,* 501 U.S. 32, 45 (1991).

Civil L.R. 7-8 requires a motion for sanctions to be filed separately from any of the parties' additional motions.  Brookdale's failure to file individually its motion for sanctions is grounds for denial on that basis alone.  However, even if Brookdale re-filed its' motion and fixed this error, sanctions are not appropriate in this case.  There is no indication that counsel for Marquez or Marquez herself acted in bad faith or unreasonably.  Marquez is entitled to pursue judicial resolution of her claims to the extent the law allows.

## V. SEVERABILITY

Where a contract is both procedurally and substantively unconscionable the court must determine whether the unconscionable terms can be severed and the remaining agreement enforced.  *Armendariz*, 24 Cal. 4th at 121-22 ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause.").  To make this determination, the court looks to whether the unconscionable terms are the "purpose" of the agreement.  *Id.*

Where the terms are merely collateral to the agreement as a whole, they may be severed and the rest of the agreement remains enforceable.  *Id.*  In this case it is not appropriate to invalidate the entire agreement.  Although the injunction and fee provisions are unconscionable, they can be severed and clearly are not the purpose of the agreement.  Once these provisions are severed, the remaining degree of procedural unconscionability is too low to warrant invalidating the entire agreement.  Accordingly, Marquez has failed to demonstrate that the agreement is so permeated with unconscionability that it is rendered completely unenforceable.

## V.  CONCLUSION

The injunctive relief provision contained in section 1, paragraph b(v) is stricken from the agreement.  The cost provision contained in section 1, paragraph j is likewise stricken.  As modified, Marquez's claims are subject to arbitration under the agreement.  This action is hereby stayed pending completion of such arbitration.   The Clerk is directed to close the file for administrative purposes. It may be reopened for such additional proceedings as may be appropriate and necessary upon conclusion of the arbitration.  If the matter is resolved by settlement, or in the event Marquez elects not to pursue arbitration, she shall promptly file a dismissal of this action.

IT IS SO ORDERED.

Dated: 4/8/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE